Filed 6/24/26  P. v. Kindschy CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br>v.<br>CRAIG KINDSCHY,<br><br>　　　Defendant and Appellant. | A173657<br><br>(Napa County<br>Super. Ct. No. CR14322) |

Defendant Craig Kindschy in 1993 pled no contest under a plea agreement to one count of second degree murder and various enhancements in connection with the 1992 shooting death of a man in Napa.  The trial court sentenced Kindschy under the agreement to 15 years to life on the murder conviction, plus three consecutive years for a firearm enhancement (Pen. Code, § 12022.5, subd. (a)),[1] two consecutive years for two prior prison terms (former § 667.5, subd. (b)), and five consecutive years for a prior strike enhancement (§ 667, subd. (a)).

Thirty years later, Kindschy filed a petition for resentencing under section 1172.75, which invalidated prison priors imposed under former

---

[1] All statutory references are to the Penal Code.

1

section 667.5, subdivision (b). He also asked the trial court to strike enhancements that are now discretionary under section 1385. Following a hearing in September 2023, the trial court struck the prison priors imposed under former section 667.5, subdivision (b), but it denied the request to strike the time imposed under sections 12022.5, subdivision (a), and 667, subdivision (a). The court also reduced the restitution fine from $10,000 to $5,000.[2]

Kindschy appealed from the resentencing order. His appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222 (*Delgadillo*) stating that there are no arguable issues. After this court gave Kindschy notice that he had the right to file a supplemental brief (*id.* at pp. 231–232), Kindschy did so.

Where a defendant files a supplemental brief after the filing of a *Delgadillo* brief, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Kindschy does not, however, challenge the order entered after resentencing. He candidly acknowledges that "I'm not the guy denying my crime and I did kill someone and probably won't ever get out of here because of it." He also admits that he has "stabb[ed] a couple of guys here and there" while in prison, which has led to "4 or 5 more abstracts," apparently based on convictions for those offenses while in prison. Kindschy asks the court to examine the records in *those* separate convictions, vacate them, and then "grant [him] parole to a halfway house or some program somewhere, so [he] can get to the V.A. hospital and a doctor so my medical

---

[2] Following a request from Kindschy's appellate counsel, the trial court later vacated the restitution fine entirely.

2

needs can be met." As any separate convictions are not before us, we cannot take action on this request.

"The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Delgadillo, supra,* 14 Cal.5th at p. 232.) Although this court has discretion to independently review the record in *this* appeal (*ibid.*), we decline to do so.

The September 28, 2023 resentencing order is affirmed.

_____

Humes, P. J.


WE CONCUR:



_____

Banke, J.




_____

Langhorne Wilson, J.



*People v. Kindschy*  A173657

4